Anita L. Steburg, State Bar No. 245933
STEBURG LAW FIRM, PC
1798 Technology Drive, Suite 258
San Jose, CA 95110
Phone (408) 573-1122
Fax (408) 573-1126

Attorney for Plaintiffs,
GEORGE ZIEMEK and PAMELA ZIEMEK

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE ZIEMEK and PAMELA ZIEMEK,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, L.L.C; and Does 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681)**<br>1. **FAILURE TO ESTABLISH PROPER PROCEDURES (15 U.S.C. § 1681e)**<br>2. **FAILURE TO REINVESTIGATE (15 U.S.C. § 1681i)** |

COMES NOW the Plaintiffs GEORGE ZIEMEK and PAMELA ZIEMEK (hereinafter "Plaintiffs") by counsel, and for their complaint against Defendants, alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. (hereinafter the "FCRA").

2. Venue is proper before this court under 28 U.S.C. 1392(b)(2) as a substantial part of the events, circumstances and omissions give rise to this claims occurred in this district.

3. The jurisdiction of this Court is conferred by 15 U.S.C. 1681p.

1

COMPLAINT

## PARTIES

4. The Plaintiffs are natural persons and residents of Santa Clara County, California. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, Defendant EQUIFAX INFORMATION SERVICES, L.L.C. (hereinafter "Equifax") is a corporation incorporated under the laws of the State of Georgia authorized to do business under the laws of the State of California through its registered offices at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

6. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

7. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## ALLEGATIONS COMMON TO ALL CLAIMS

8. During certain years, Plaintiffs incurred a federal tax liability.

9. At some time unknown to Plaintiffs, Equifax began reporting the tax liens.

10. Plaintiffs eventually resolved his tax liability with the Internal Revenue Service (IRS).

11. IRS filed five tax liens and five withdrawals of the liens.

   a. A tax lien was filed on October 24, 2007 for tax years 1999, 2002, 2003, 2005 and 2006 in the amount of $14,571.00. The IRS filed a Certificate of Release of Federal Tax Lien for this lien on January 7, 2011. IRS agreed to withdrawal that tax lien on February 19, 2013. Shortly thereafter, the IRS filed a Withdrawal of Filed

Notice of Federal Tax Lien After Release.

b. A tax lien was filed on December 3, 2004 for multiple tax periods in the amount of $11,097.24. The IRS Filed a Certificate of Release of Federal Tax Lien on or around May 22, 2009. IRS agreed to withdrawal that tax lien on February 19, 2013. Shortly thereafter, the IRS filed a Withdrawal of Filed Notice of Federal Tax Lien After Release.

c. A tax lien was filed on January 24, 2007 for multiple tax periods in the amount of $24,078.06. The IRS Filed a Certificate of Release of Federal Tax Lien on or around May 22, 2009. IRS agreed to withdrawal that tax lien on February 19, 2013. Shortly thereafter, the IRS filed a Withdrawal of Filed Notice of Federal Tax Lien After Release.

d. A tax lien was filed on November 19, 2007 for the 2000 tax year in the amount of $5,055.00. The IRS Filed a Certificate of Release of Federal Tax Lien on April 8, 2009. IRS agreed to withdrawal that tax lien on February 19, 2013. Shortly thereafter, the IRS filed a Withdrawal of Filed Notice of Federal Tax Lien After Release.

e. A tax lien was filed on October 24, 2007 for multiple tax periods in the amount of $5,240.27. The IRS Filed a Certificate of Release of Federal Tax Lien on or around May 22, 2009. IRS agreed to withdrawal that tax lien on February 19, 2013. Shortly thereafter, the IRS filed a Withdrawal of Filed Notice of Federal Tax Lien After Release.

12. When the IRS withdraws the lien, the IRS agrees to remove public notice of the lien. This is different from a releasing the lien which merely reflects the lien has been satisfied.

13. The IRS recorded a copy of the Withdrawal of Filed Notice of Federal

Tax Lien After Release for all liens listed above with the Santa Clara County Recorder's Office.

14. Plaintiffs repeatedly disputed the debt with Equifax. Plaintiffs disputed the inaccurate tax lien information by letters dated March 4, 2013, July 18, 2013 and September 2013. In addition, Plaintiffs provided the Notice of Tax Lien, Certificate of Release of Federal Tax Lien, and Withdrawal of Filed Notice of Federal Tax Lien After Release for each period to Equifax.

15. Equifax provided a response reflecting that they had reviewed the information submitted by Plaintiffs and "the lien is currently being reported as released." Equifax failed to remove the tax liens on the credit report that the IRS released even though they had been provided the information from Plaintiffs. Such conduct by Equifax was a willful violation of the Fair Credit Reporting Act.

16. The liens are erroneously being reported on Pamela Ziemek's credit report are two tax liens in the amount of $14,571.00 and $5,055.00. All five of the liens are erroneously being reported on George Ziemek's credit report.

## FIRST CLAIM FOR RELIEF

### (Failure to Establish Proper Procedures – 15 U.S.C. § 1681e)

17. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

18. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

19. As a result of this conduct, action and inaction of Defendant, Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

20. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

21. Plaintiff is entitled to recover attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF

### (Failure to Reinvestigate – 15 U.S.C. § 1681i)

22. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

23. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit file.

24. As a result of this conduct, action and inaction of Defendant, Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

25. Defendant's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

26. Plaintiff is entitled to recover attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND

1 WHEREFORE, Plaintiffs demand judgment for actual, compensatory, punitive and restitution damages against Defendant; for their attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

DATED: February 11, 2014          STEBURG LAW FIRM, P.C.


                                  By:   /s/ Anita L. Steburg
                                        Anita L. Steburg
                                        Attorneys for Plaintiff
                                        George and Pamela Ziemek

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of this action.

DATED:   February 11, 2014        STEBURG LAW FIRM, P.C.


By:   /s/ Anita L. Steburg
      Anita L. Steburg
      Attorneys for Plaintiffs
      George and Pamela Ziemek